UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GABRIEL JOSEPH ABANDA

    Plaintiff,                                      **JURY TRIAL**

  V.                                                CIVIL ACTION NO.

LEN STOLER, INC.

AMERICREDIT FINANCIAL SERVICES, INC.

                                                      SEPTEMBER 9, 2009
    Defendants.

## COMPLAINT

## I. INTRODUCTION

1. This is a suit brought by a consumer under the Magnuson-Moss Warranty Act ("Magnuson-Moss'), 15 U.S.C. § 2301 et. Seq., against Len Stoler, Inc. ("Stoler") a car dealership that fraudulently and maliciously sold him a motor vehicle (the "Vehicle"), on or about June 2, 2007, under the description of a "Used 2006 Dodge Charger, VIN 2B3KA53H46H381944, Odometer Reading 8105 miles" not withstanding that the Vehicle did not contain any Vehicle Identification Number ("VIN") plate on the dashboard and VIN labels on the doors or trunk. Plaintiff also asserts an additional federal claim and pendent claims under the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32701 et. Seq., and Md. Ann. Code <u>Commercial Law</u> Consumer Protection Act ("CPA") § 13-105 et. Seq., and Md. Ann. Code § 2-608 Revocation of acceptance and Md. Ann. Code § 2-711 Buyers remedies security interest in rejected goods and for violation of COMAR 11.12.01 and for common law fraud. Plaintiff also

claims against AmeriCredit Financial Services, Inc. ("AmeriCredit"), the assignee of the Simple Finance Charge ("Contract") for the purchase of the Vehicle.

## II.  PARTIES

2.  Plaintiff, Gabriel Joseph Abanda, is a resident and consumer residing in Baltimore, Maryland.

3.  Stoler is a domestic corporation that operates a motor vehicle dealership in Owings Mills, Maryland.

4. AmeriCredit is a foreign corporation with its head-quarters located in Texas and is authorized to conduct business in Maryland through the Maryland Department of Assessments and Taxation and is a sales finance company that accepts the assignment of installment contracts for motor vehicles from dealerships including Stoler.

## III.  JURISDICTION

5.  Jurisdiction in the Court is proper pursuant to Magnuson-Moss, 15 U.S.C. § 2310(d)(1)(B) and Fed. R. Civ. P. 18(a). Specifically, the total sale price for the Vehicle, as alleged below, is $31,781.62. When this amount is combined with 1) contractual claim for interest of $18,439.10 for financing and 2) and attorney fees incurred by him and which are expected to exceed $20,000, then the total amount in controversy under Magnuson-Moss claim exceed $50,000.

6.  This Court has jurisdiction over Stoler because it is located in Maryland

and it has jurisdiction of AmeriCredit because it regularly does business in Maryland.

7. Venue in the Court is proper, because, the Plaintiff is a resident of Maryland and the transaction alleged herein occurred in this State.

## IV.   FACTUAL ALLEGATIONS

8. On or about June 2, 2007, Plaintiff purchased the Vehicle from Stoler for a cash price of $31,781, 62.

9. Plaintiff paid zero down payment for the Vehicle and finance the sum of $31,781.62 pursuant to the Simple Finance Charge ("Contract") that was assigned to AmeriCredit.

10. The finance charge under the Contract was $18,439.10 for a total sale price of $50,220.72.

11. The Contract further provides that AmeriCredit may, in the event of a default by the Plaintiff recovers costs of repossession, late fees, and attorney's fees.

12. Unbeknownst to Plaintiff, prior to the time of sale, the Vehicle, had the windshield replaced, the Vehicle Identification Numbers ("VIN") were all removed from the dashboard, the doors and the trunk.

13. Stoler did no disclose the missing VIN numbers to Plaintiff prior to or at the time of the purchase.

14. Based on information and belief, Plaintiff was issued a Safety

Equipment Repair Order for a non-related matter, and was unable to clear the violation, with the Maryland MVA due to the missing VIN plate and VIN labels.

15. Based on information and belief, any motor vehicle that has missing VIN is subject to seizure by governmental authority.

16. A motor vehicle cannot be legally inspected or tagged in this State without a proper legal VIN plate.

17. Plaintiff contacted Stoler and inquired why the Vehicle has missing VIN and was informed there was no need to have them on the Vehicle since Plaintiff was provided, in writing, on the odometer statement with a VIN number at time of sale.

18. Plaintiff has been damaged.

### V.   CAUSE OF ACTION

**FIRST COUNT – BOTH DEFENDANTS**
**Breach of Implied Warranty of Merchantability**

19. Paragraphs 1-18 are herein incorporated.

20. This Count is asserted under Magnuson-Moss for Stoler's breach of Implied warrant of merchantability, Md. Ann. Code Uniform Commercial Code ("UCC") § 2-314.

21. The Vehicle, as sold to Plaintiff, would not pass in trade under the description of a "Used" 2006 Dodge Charger.

22. Stoler's conduct in selling a "Vehicle" was tortuous in nature, and its

malicious, outrageous, and was undertaken with bad motive and with reckless indifference to Plaintiff's interests and the injury that he sustained

23. Plaintiff is entitled to an order that he is not liable to AmeriCredit under the retail installment sales contract and to an award of damages in the form of a refund of all amounts paid for the Vehicle, consequential damages, and common law punitive damages for the tortuous breach of the implied warranty of merchantability.

24. Plaintiff states, and accordingly alleges, that the total amount that will be sought at trial for common law punitive damages will exceed $20,000.

**SECOND COUNT – BOTH DEFENDANTS**
**Revocation of Acceptance**

25. Paragraphs 1-18 are herein incorporated.

26. Plaintiff provides notice to Stoler and AmeriCredit of his revocation of Acceptance, pursuant to Md. Ann. Code, U.C.C. § 2-608 entitled revocation of acceptance, as to the 2006 Dodge Charger whose nonconformity of missing VIN's has substantially impaired the value of the Vehicle.

27. Plaintiff is entitled to his actual damages, and consequential damages.

**THIRD COUNT – BOTH DEFENDANTS**
**Buyer's Notice He is retaining possession of**
**The Vehicle As security**

28. Paragraphs 1-18 are herein incorporated.

29. Plaintiff provides notice to Stoler and AmeriCredit, pursuant to Md.

5

Ann. Code, U.C.C. § 2-711 that he is retaining possession of the Vehicle as a security interest.

30. Plaintiff is entitled to actual damages, consequential damages and interest.

## FOURTH COUNT –DEFENDANT STOLER
### Violation of the "Odometer Act"

31. Paragraphs 1-18 are herein incorporated.

32. Plaintiff brings this Count against Stoler for violation of the Motor Vehicle and Cost Saving Act 49 U.S.C. 32701 et seq.

33. Stoler provided Plaintiff, at time of purchase, an Odometer Statement for a Dodge Charger with VIN 2B3KA53H46H381944 and certified it accuracy.

34. Upon investigation of the Vehicle described in § 31, above, there is no VIN plate on the dashboard or VIN labels on the doors or trunk of the Dodge Charger.

35. Based on information and belief Stoler violated the Odometer Act in that Stoler failed to provide an accurate odometer statement.

36. Based on information and belief, Stoler provided Plaintiff an odometer statement to the Vehicle without a VIN plate on the dashboard or VIN labels on the doors or trunk and without knowledge of the true identity of the Vehicle sold Plaintiff.

37. Stoler has so acted with intend to defraud Plaintiff.

38. Plaintiff has been damaged.

6

## FIFTH COUNT –DEFENDANT STOLER
### Violation of COMAR § 11.12.01.20 "Odometer Act"

39. Paragraphs 1-18 are herein incorporated.

40. Based on information and belief, Stoler violated COMAR § 11.12.01.20 in that Stoler wrongfully transferred a Vehicle to Plaintiff that contained an odometer reading that does not reflect the actual mileage of the Vehicle sold Plaintiff because the Vehicle sold to Plaintiff was delivered without VIN plate on the dashboard or VIN label doors or trunk.

41. Plaintiff has been damaged.

## SIXTH COUNT- DEFENDANT STOLER
### Common Law Fraud

42. Paragraphs 1-18 are herein incorporated.

43. Plaintiff, at time of purchased asked Stoler whether the Vehicle had been in a prior accident and if were any other issues or problems with the Vehicle that should be disclosed, Stoler answered in the negative.

44. Stoler knew its statements made to Plaintiff were misrepresentations at the time Plaintiff inquired.

45. Stoler intended that Plaintiff rely on it false representations.

46. Plaintiff did in fact rely on the representations made by Stoler.

47. Plaintiff has been damaged in that the Vehicle has missing VIN plate on the dashboard and VIN labels on the doors and trunk.

## SEVENTH COUNT- BOTH DEFENDANTS

## **Violation of Md. Ann. Code Commercial Law Consumer Protection Act ("CPA") § 13-105 et seq.**

48. Paragraphs 1-18 are herein incorporated.

49. Stoler is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law § 13-101(g) and is subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices including those in Md. Ann. Code Comm§§ 13-401 and 13-303.

50. Stoler's sale of the Vehicle without disclosure of the missing VIN's were deceptive, unfair, and violated CPA.

51. Based on information and belief, Stoler violated COMAR § 11.12.01.20 in that Stoler wrongfully transferred a Vehicle which contained an odometer reading that does not reflect the actual mileage of the Vehicle Stoler transferred to Plaintiff due to the missing VIN plate on the dashboard and VIN labels on the doors and trunk.

52. As a result of Defendants actions Plaintiff has been damaged.

WHEREFORE, it is respectfully requested that this Honorable Court:

1. Award Plaintiff actual damages on Count I.

2. Award Plaintiff statutory damages and special damages on Count II.

3. Award Plaintiff statutory damages on Count III.

4. Award Plaintiff treble damages (3 times actual damages) or $1,500 statutory damages, whichever is greater, costs and attorney fees on Count IV.

5.   Award Plaintiff statutory damages on Count V.

6.   Award Plaintiff actual damages and in the discretion of the Court punitive damages on Count VI.

7.   Award Plaintiff actual damages, consequential damages, costs and Attorney fees on Count VII.

8.   Award Plaintiff such other or further relief, including the return of the Dodge, return of all down payments, and monthly payments made by Plaintiff and such other relief that the court deems just or equitable.

9. Plaintiff demands a **JURY TRIAL.**

                    THE PLAINTIFF

                    BY/S/Bernard T. Kennedy
                    Bernard T. Kennedy
                    P.O. Box 657
                    Edgewater, MD 21037
                    Tel. (443) 607-8901
                    Fax (443) 607-8903
                    Fed Bar # MD 26843
                    bernardtkennedy@yahoo.com